ASCHENBRENNER LAW OFFICES, INC.
823 Third Avenue
P.O. Box 73998
Fairbanks, Alaska 99701
(907) 456-3910

FILED
US DISTRICT COURT
DISTRICT OF ALASKA

2006 JUN -1  PM 3: 56

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA    FILED

JUL 11 2006

UNITED STATES DISTRICT COURT
DISTRICT OF ALASKA

By _____ Deputy

LOCALS 302 AND 612 OF THE
INTERNATIONAL UNION OF
OPERATING ENGINEERS
CONSTRUCTION INDUSTRY HEALTH
AND SECURITY FUND; et al.,

       Plaintiffs,

    v.

E. BROWN INCORPORATED, d/b/a
INTERNATIONAL STEEL, an Alaskan
Corporation,
       Defendant.

Case No. F04-0003 MI

## AFFIDAVIT OF COUNSEL

STATE OF ALASKA     )
                      :ss.
FOURTH JUDICIAL DISTRICT  )

I, Peter J. Aschenbrenner, being first duly sworn this _11_ day of July, 2006, upon oath, depose and state:

1. I am counsel for Plaintiffs in this action, and I make this affidavit in support of Plaintiffs' Application for Release of Funds.

2. The sum of $9,993.32, obtained from a Writ of Execution, has been held in the court registry due to Defendant's chapter 11 bankruptcy filing in Case No. A05-00072 DMD.

3. U.S. Bankruptcy Court Judge Donald MacDonald, in his Order Confirming Debtor's Amended Plan of Reorganization dated April 14, 2006, states in ¶9 as follows:

The Operating Engineers Trust Funds has an allowed secured claim in the amount of $9,993.32, secured by funds seized pre-petition by a writ of execution. The Debtor has agreed to modify the stay to allow the Operating Engineers to collect such funds from the court registry in which they are currently being held.

A certified copy of the Order Confirming Debtor's Amended Plan of Reorganization is attached hereto as Exhibit A.

4. Thus, Plaintiff respectfully requests that the funds held by the court in the amount of $9,993.32 be released to Plaintiff's counsel.

DATED at Fairbanks, Alaska on the date first hereinabove written.

Peter J. Aschenbrenner

SUBSCRIBED and SWORN TO before me this _11_ day of July, 2006.



Notary Public in and for Alaska
My Commission Expires: _3-16-09_

Cabot Christianson, Esq.
Gary Spraker, Esq.
CHRISTIANSON & SPRAKER
911 W. 8th Avenue, Suite 201
Anchorage, AK 99501
Telephone: (907) 258-6016
Telefax: (907) 258-2026
Attorneys for Debtor

> **Filed On**
> **4/14/06**

## IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| In Re: ) | |
| ) | |
| E. BROWN, INC. d/b/a ) | |
| INTERNATIONAL STEEL ) | |
| ) | **CASE NO. A05-00072 DMD** |
| Debtor. ) | Chapter 11 |
| ) | |

### ORDER CONFIRMING DEBTOR'S
### AMENDED PLAN OF REORGANIZATION

The *Amended Plan of Reorganization* (the Plan) under Chapter 11 of the

Bankruptcy Code filed by E. Brown, Inc. d/b/a International Steel (Debtor), Debtor and

Debtor-in-Possession herein, on March 1, 2006, having been transmitted to creditors and

equity security holders along with the *Amended Disclosure Statement,* (the Disclosure

Statement); and

The Court having determined that the Disclosure Statement, as transmitted, contains

adequate information under § 1125 of the Bankruptcy Code; and

A hearing on confirmation of the Plan having been held on March 31, 2006, and

continued on April 3, 2006; and

Page 1    Order Approving Amended Disclosure Statement
and Confirming Amended Plan of Reorganization

*Exhibit A*

**CHRISTIANSON & SPRAKER**
911 WEST 8TH AVENUE, #201 • ANCHORAGE, ALASKA 99501
(907) 258-6016 • Fax (907) 258-2026

Testimony having been taken and evidence having been presented at the confirmation hearing; and

After due consideration of the terms of the Plan, the evidence presented and testimony taken, and other materials in the record of this case, the Court enters the following Findings of Fact and Conclusions of Law.

1. The Disclosure Statement filed by the Debtor and transmitted to creditors contains adequate information as required under § 1125 of the Bankruptcy Code. Adequate notice of the terms of the Plan, of the confirmation hearing thereon, and of the time for filing objections and votes thereon, has been given to creditors and parties in interest.

2. The modifications incorporated into this order do not modify adversely the treatment of any creditor as compared to the treatment proposed in the Plan; and

3. The Plan has been accepted in writing by the requisite majority of the creditors whose acceptance is required by law.

4. The requirements of 11 U.S.C. 1129 (a) (1) through (13) have been met, or are not applicable to this case.

**IT IS THEREFORE, ORDERED:**

1.     That the Plan, a copy of which is attached hereto, as filed with this Court on March 1, 2006, and as modified by the terms of this order, be and hereby is, confirmed.

2.     Between the Effective Date and the date that this case is closed or dismissed, the Debtor shall file such reports as may be required by the Local Bankruptcy Rules or the Office of the U.S. Trustee.

Page 2     Order Approving Amended Disclosure Statement
           and Confirming Amended Plan of Reorganization

CHRISTIANSON & SPRAKER
911 WEST 8TH AVENUE, #201 • ANCHORAGE, ALASKA 99501
(907) 258-6016 • Fax (907) 258-2026

3.    Key Bank, N.A.'s secured claim (S-1) has been reduced by $400,000 from payments made pursuant to the Court's *Order Granting Application for Authority to Distribute Proceeds of Settlement with Dick Pacific/GHEMM J.V.*, for an outstanding current balance of $803,905.32 as of March 23, 2006. Debtor shall bring current the outstanding balance of delinquent adequate protection payments in the amount of $48,369.84 by April 30, 2006. KeyBank's Class S-1 claim continues to be secured by its pre-petition and post-petition security interests, subject to the following limitations: (1) Key Bank's security interest continues in all equipment owned by the Company as of the Effective Date of the Plan, and the proceeds thereof (Debtor shall provide Key Bank with an inventory within 30 days of the Effective Date); (2) Key Bank shall have no security interest, and shall not be secured, in any property acquired by the Company, or arising, after the Effective Date of the Plan, including but not limited to any inventory, equipment, accounts receivable, chattel paper, instruments, letter of credit, documents deposit accounts, investment property, money, and general intangibles, unless acquired with the proceeds of Key Bank's collateral; (3) payments received by the Company on the following pre-confirmation accounts receivable and claims: Bates Technical College (06-002); Pen Comm Health Services (05-002); DMV Repair (05-004); Skyline/Winterberry (05-005); Westlake Project (04-009); Café Croissant (04-010) and Matanuska Maid Reconstruction (04-008) shall not be subject to Key Bank's security interest and may be used by the Company for its operations; (4) Key Bank's pre-confirmation security interest in the following receivables, and any associated claims related to such projects or receivables, shall continue post-confirmation: Bassett

CHRISTIANSON & SPRAKER
911 WEST 8TH AVENUE, #201 • ANCHORAGE, ALASKA 99501
(907) 258-6016 • Fax (907) 258-2026

Page 3    Order Approving Amended Disclosure Statement
and Confirming Amended Plan of Reorganization

2

Hospital (02-003); Heritage Properties Mat Maid (02-013); Albers Mill Development

(01-002); Albers Mill (02-011); Albers Project Management (03-002); Auburn High

School (03-008); Hawks Prairie (04-014); Issaquah 9th Grade (04-007); Lake City

Civic Core (04-004); Muckleshoot Health & Wellness (04-002); and the State of

Alaska; Soldotna Sand Storage Building Design Build (98-019) and Soldotna

Maintenance Building (97-020).  Any payments or distributions to the Debtor on

account of these pre-confirmation receivables, net of any valid superior interests and

costs of collection including legal fees and costs, shall be paid to Key Bank in the order

and priority of its pre-petition security interests.  Key Bank shall prepare and record any

documents necessary to amend its security interest consistent with this paragraph.

4.      Debtor shall either move to sell the heavy equipment under its leases

with Key Equipment Finance or surrender such equipment to Key Equipment on or

before April 30, 2006, unless otherwise agreed to by the parties.

5.      The Internal Revenue Service's Class S-3 claim shall be allowed in the

amount of  $995,469.93.  The Class S-3 secured claim continues to be secured by its

pre-petition tax lien subject to the following limitations: (1) the IRS' lien continues in

all equipment owned by the Company as of the Effective Date of the Plan, and the

proceeds thereof  (Debtor shall provide IRS with an inventory within 30 days of the

Effective Date); (2) the IRS shall have no lien, and shall not be secured, in any property

acquired by the Company, or arising, after the Effective Date of the Plan, including but

not limited to any inventory, equipment, accounts receivable, chattel paper, instruments,

letter of credit, documents deposit accounts, investment property, money, and general

CHRISTIANSON & SPRAKER
911 WEST 8TH AVENUE, #201 • ANCHORAGE, ALASKA 99501
(907) 258-6016 • Fax (907) 258-2026

intangibles, unless acquired with the proceeds of the IRS' collateral; (3) payments received by the Company on the following pre-confirmation accounts receivable and claims: Bates Technical College (06-002); Pen Comm Health Services (05-002); DMV Repair (05-004); Skyline/Winterberry (05-005); Westlake Project (04-009); Café Croissant (04-010) and Matanuska Maid Reconstruction (04-008) shall not be subject to the IRS' lien and may be used by the Company for its operations; (4) the IRS' pre-petition lien in the following receivables, and any associated claims related to such projects or receivables, shall continue post-confirmation: Bassett Hospital (02-003); Heritage Properties Mat Maid (02-013); Albers Mill Development (01-002); Albers Mill (02-011); Albers Project Management (03-002); Auburn High School (03-008); Hawks Prairie (04-014); Issaquah 9th Grade (04-007); Lake City Civic Core (04-004); Muckleshoot Health & Wellness (04-002); and the State of Alaska; Soldotna Sand Storage Building Design Build (98-019) and Soldotna Maintenance Building (97-020). Any payments or distributions to the Debtor on account of these pre-confirmation receivables, net of any valid superior interests and costs of collection including legal fees and costs, shall be paid to the IRS in the order and priority of its pre-petition security interests. The IRS agrees to prepare and record any documents necessary to limit its lien consistent with this paragraph.

6.    The IRS shall have an allowed general, unsecured claim in the amount of $338,934.68 for pre-petition penalties.

7.    Debtor shall be current on all federal taxes as of the Effective Date and shall stay current post-confirmation. Any missed plan payments will be subject to

CHRISTIANSON & SPRAKER
911 WEST 8TH AVENUE, #201 • ANCHORAGE, ALASKA 99501
(907) 258-6016 • Fax (907) 258-2026

written notice of default. If not cured within 30 days from notice, the IRS shall be entitled to use its full administrative powers under the Internal Revenue Code to recover any amount of the defaults. A default on two consecutive plan payments that are not cured within 30 days of written notice of the second default shall constitute a material default for purposes of a motion to convert or dismiss under 11 U.S.C. § 1112. In any such proceeding to dismiss or convert, the debtor shall bear the burden of proving that the arrearages can be quickly paid, that the plan is still feasible, and that it remains in the best interests of the creditors to continue under Chapter 11.

8.    The treatment of Class S-6 (Municipality of Anchorage) under the Plan is modified as follows: Debtor is informed and believes that Key Equipment Finance has timely paid a substantial amount of the Municipality's claims. The parties are conferring to reconcile the outstanding balance owed and anticipate that it will be less than $5,000. If the allowed secured claim is less than $5,000, Debtor shall pay that amount upon determination. If the allowed secured claim exceeds $5,000, Debtor shall pay that amount over a term of six (6) years from assessment with interest at 6%. Equal payments shall commence on June 1, 2006, and shall be made monthly in the months of June through November of each year until paid in full. The Municipality shall retain its lien rights in Debtor's equipment.

9.    The Operating Engineers Trust Funds has an allowed secured claim in the amount of $9,993.32, secured by funds seized pre-petition by a writ of execution. The Debtor has agreed to modify the stay to allow the Operating Engineers to collect such funds from the court registry in which they are currently being held.

CHRISTIANSON & SPRAKER
911 WEST 8TH AVENUE, #201 • ANCHORAGE, ALASKA 99501
(907) 258-6016 • Fax (907) 258-2026

10.    The treatment of the Alaska Ironworkers Funds and the Northwest Ironworkers Employer Trust ("Ironworkers") P-2 and administrative expense claims are modified as follows: Debtor shall immediately pay $8,167 to the Northwest Ironworkers Employer Trust as partial payment of debtor's $9,250 outstanding post-petition contribution obligation. The remaining $1,074 post-petition contributions may be paid by joint check no later than April 30, 2006. The remaining priority and administrative claim balance (collectively "Claim Balance") of $95,214 shall be paid over a term of twenty (20) months with interest at 7% per annum in equal monthly payments commencing June 1, 2006, and made until paid in full. In the event $1,074 post-petition contribution is not received by joint check by April 30, 2006, this amount shall be added to the priority and administrative Claim Balance, bringing the total to $96,288 to be paid as provided above. In addition, any additional valid post-petition, pre-confirmation contributions, liquidated damages and other expenses related to any default discovered through annual audit shall be added to the full priority and administrative Claim Balance to be paid as provided herein. The full Claim Balance shall be secured by property of a value sufficient to secure the unpaid Claim Balance including but not limited to certain real property owned by Edward Brown and/or his related companies and debtor's pre-petition receivables in such order of priority subject to any senior security interests or liens, including those of Key Bank, N.A., and the Internal Revenue Service, as well as the security interest of Class A-1 in the Basset Hospital Claims. Any post-petition collections of pre-petition receivables and claim recoveries shall be forwarded to Ironworkers as balloon payments over and above the

CHRISTIANSON & SPRAKER
911 WEST 8TH AVENUE, #201 • ANCHORAGE, ALASKA 99501
(907) 258-6016 • Fax (907) 258-2026

monthly payments provided above, subject to senior interests and costs of collection.

The Ironworkers have no rights or interest in any post-petition property of the Debtor as it relates to the Claim Balance other than as provided herein.

11.     Puget Sound Electrical Workers Trust Fund's priority claim (P-6) shall be paid pursuant to the terms of settlement to be negotiated by creditor and Debtor.  In the event that the parties cannot agree to such settlement, creditor shall be paid on the terms and conditions applicable to class P-5.

12.     The treatment of Class P-5 (Alaska Department of Labor, State of Washington Department of Labor & Industries, State of Washington Department of Revenue, and State of Washington Employment Security Division) under the Plan is modified as follows: allowed claims within this class shall be paid over a term not longer than six years from the date of assessment with interest at 6% per annum.   Equal payments shall commence on June 1, 2006, and shall be made monthly in the months of June through November of each year until paid in full.

13.     The Debtor has paid all post-petition taxes, exclusive of penalties and interest, owed to the State of Washington taxing agencies (Department of Labor & Industries, Department of Revenue, and Employment Security Division) owed as of the date of the confirmation hearing.  Debtor shall pay the State of Washington outstanding penalties and interest owed on its post-petition taxes to the respective departments by May 1, 2006, without further notice or opportunity to cure.  Debtor shall stay current post-confirmation or the State of Washington will be able to use its full administrative powers to recover any new, post-confirmation liabilities.  Failure to timely pay any

CHRISTIANSON & SPRAKER
911 WEST 8TH AVENUE, #201 • ANCHORAGE, ALASKA 99501
(907) 258-6016 • Fax (907) 258-2026

post-petition taxes owed shall constitute a default under the plan, unless cured within thirty (30) days of written notice to the Debtor.

14.    The State of Washington, Department of Labor & Industries is owed approximately $21,033.99 in pre-petition payments on the Muckleshoot Wellness Center project as previously set forth in the Motion for Order Authorizing Joint Checks and approved by the Bankruptcy Court in its Order Granting Motion for Order Authorizing Joint Checks on January 3, 2006.  Debtor is authorized to turnover any joint check received on that project to the State of Washington, Department of Labor & Industries for payment of the $21,033.99.

15.    The unsecured claim of the Department of Labor, Proof of Claim No. 65, on behalf of Jill DeOliveira, shall be allowed in the amount of $10,000.

16.    The Debtor shall apply any proceeds recovered post-confirmation on the following  receivables, and any associated claims related to such projects or receivables, to the allowed pre-petition claims in the order and priority of their interests, and subject to any superior pre-petition security interests or liens, including Key Bank, N.A. and the Internal Revenue Service: Bassett Hospital (02-003); Heritage Properties Mat Maid (02-013); Albers Mill Development (01-002); Albers Mill (02-011); Albers Project Management (03-002); Auburn High School (03-008); Hawks Prairie (04-014); Issaquah 9th Grade (04-007); Lake City Civic Core (04-004); Muckleshoot Health & Wellness (04-002); and the State of Alaska; Soldotna Sand Storage Building Design Build (98-019) and Soldotna Maintenance Building (97-020).  Any payments or distributions to the Debtor on account of these receivables or claims, shall be net of any

CHRISTIANSON & SPRAKER
911 WEST 8ᵀᴴ AVENUE, #201 • ANCHORAGE, ALASKA 99501
(907) 258-6016 • Fax (907) 258-2026

Page 9    Order Approving Amended Disclosure Statement
and Confirming Amended Plan of Reorganization

valid superior interests and costs of collection including legal fees and costs, to be distributed in accordance with the Plan. The security interest in the Bassett Hospital receivable and claims as set forth in the Plan to secure repayment of any loans from Edward Brown for the payment of Key Bank or the Internal Revenue Service shall remain senior and superior to the interests of the unsecured creditors. Mr. Brown does not have a security interest in the other receivables identified within this paragraph. Any distributions of proceeds from the identified receivables or claims to unsecured creditors shall be disbursed together with the biannual payments to the unsecured creditors scheduled within the Plan, but shall be in addition to such scheduled payments. This provision is limited to the specific receivables identified and shall not create any other rights or interests in the Debtor's property, which shall be held free and clear of any such interests unless otherwise provided in the Plan or this order.

17.    Professionals' fee applications for fees incurred through the Effective Date shall be filed no later than thirty (30) days after the Effective Date. Debtor shall notice those applications to the matrix in a single notice. Payment of professional fees and costs is subject to Bankruptcy Court approval. Approved professional fees and costs shall be paid pursuant to the terms of the Plan. Debtor's obligations to it's Class A-1 professionals in the total amounts approved by the Bankruptcy Court shall not be discharged until paid in full by the Debtor. Until such time as Debtor shall pay the outstanding, approved professional fees in Class A-1, such debts shall continue to constitute administrative expenses under 11 U.S.C. § 503(b)(1)(A) entitled to priority under 11 U.S.C. § 507(a)(1).

CHRISTIANSON & SPRAKER
911 WEST 8TH AVENUE, #201 • ANCHORAGE, ALASKA 99501
(907) 258-6016 • Fax (907) 258-2026

18.     Except as otherwise provided in the Plan or herein:

(a)     Confirmation of the Plan vests all of the property of the estate in the reorganized Debtor. Debtor retains any and all litigation rights, claims, and interests, against any party that may have existed as of the petition date.

(b)     After confirmation of the Plan, and except as otherwise provided in the Plan, the property dealt with by the Plan shall be free and clear of all claims and interests of creditors and equity security holders of the Debtor;

(c)     Except as otherwise provided in the Plan or this Order, all holders of claims or interests against the Debtor are enjoined from instituting any action, or employing any process, to collect the amount of such claims or interests from the reorganized Debtor.

19.     All executory contracts and unexpired leases of the Debtor not heretofore assumed or rejected are assumed or rejected as provided in the Plan.

20.     This Court shall retain jurisdiction of this Chapter 11 case for the purposes provided in this Order, in any injunction issued by this Court, in the Plan and under the Bankruptcy Code, and for the purpose of resolving any disputes arising with respect to the Plan or any document executed pursuant to the Plan, and to adjudicate all controversies concerning the classification or allowance of any claim, and all matters relating to the determination of the allowed amount of any claim including offsets.

21.     To the extent there is any conflict or dispute between the Amended Disclosure Statement and the Amended Plan of Reorganization, the terms and

CHRISTIANSON & SPRAKER
911 WEST 8TH AVENUE, #201 • ANCHORAGE, ALASKA 99501
(907) 258-6016 • Fax (907) 258-2026

provisions of the Amended Plan of Reorganization shall control.

DATED this 14th  day of April, 2006.

BY THE COURT

/s/ Donald MacDonald IV

Donald MacDonald IV
United States Bankruptcy Judge

Read and approved:

/s/ Eugenia Sleeper

Eugenia Sleeper, Esq.

Attorney for Northwest Ironworkers Trust Fund

and Alaska Ironworkers Trust Fund

/s/ Zachary Mosner

Zachary Mosner, Esq.

Attorney for State of Washington

/s/ Peter Hallgrimson

Peter Hallgrimson, Esq.

Attorney for Municipality of Anchorage

/s/ Michael Parise

Michael Parise, Esq.

Attorney for Key Bank, N.A. and

Key Equipment Finance

/s/ Stephen Baker

Stephen Baker, Esq.

Attorney for Internal Revenue Service

Page 12      Order Approving Amended Disclosure Statement
             and Confirming Amended Plan of Reorganization



UNITED STATES OF AMERICA )
DISTRICT OF ALASKA          ) ss:
I, the undersigned, Bankruptcy Clerk
for the District of Alaska, do hereby
certify that this is a true and full
copy of an original document on file
in my office, as such Clerk.
DATED:
Wayne W. Wolfe
Bankruptcy Clerk
By:

CHRISTIANSON & SPRAKER
911 WEST 8TH AVENUE, #201 • ANCHORAGE, ALASKA 99501
(907) 258-6016 • Fax (907) 258-2026

Serve: G. Spraker, Esq.
       S. Baker, Esq.
       P. Hallgrimson, Esq.
       J. Sleeper, Esq.
       T. Timmermans, Esq.
       Z. Mosner, Esq.
       M. Parise, Esq.
       U. S. Trustee

04/14/06

**CHRISTIANSON & SPRAKER**
911 WEST 8TH AVENUE, #201 • ANCHORAGE, ALASKA 99501
(907) 258-6016 • Fax (907) 258-2026

Page 13    Order Approving Amended Disclosure Statement
and Confirming Amended Plan of Reorganization

Cabot Christianson, Esq.
Gary Spraker, Esq.
CHRISTIANSON & SPRAKER
911 W. 8th Avenue, Suite 201
Anchorage, AK 99501
Telephone: (907) 258-6016
Telefax: (907) 258-2026
Attorneys for Debtor

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| In Re: | ) |
| | ) |
| E. BROWN, INC. d/b/a | ) |
| INTERNATIONAL STEEL | ) |
| | )    **CASE NO. 05-00072 DMD** |
| Debtor. | )    Chapter 11 |
| | ) |

**AMENDED PLAN OF REORGANIZATION**
**[11 U.S.C. § 1123]**
**SUBMITTED BY DEBTOR**
**MARCH 1, 2006**

Debtor E. Brown Incorporated d/b/a International Steel proposes the following Plan of Reorganization:

**Table of Contents**

ARTICLE 1    Definitions . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4
    1.1    Allowed Claim . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4
    1.2    Allowed Priority Claim . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4
    1.3    Allowed Secured Claim . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4
    1.4    Allowed Unsecured Claims . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4
    1.5    Bankruptcy Code . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4
    1.6    Bassett Hospital Claims . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4
    1.7    Claim . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5
    1.8    Class . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5
    1.9    Confirmation Date . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

CHRISTIANSON & SPRAKER
911 WEST 8TH AVENUE, #201 • ANCHORAGE, ALASKA 99501
(907) 258-6016 • Fax (907) 258-2026

1.10   Confirmation Hearing .................................... 5
1.11   Confirmation Order ..................................... 5
1.12   Court ................................................. 5
1.13   Debtor ............................................... 5
1.14   Dick Pacific Settlement ................................. 5
1.15   Disputed Claim ........................................ 5
1.16   Distribution(s) ......................................... 5
1.17   Effective Date ......................................... 6
1.18   Key Bank ............................................. 6
1.19   Key Equipment ........................................ 6
1.20   Petition Date .......................................... 6
1.21   Plan ................................................. 6
1.22   Pro Rata ............................................. 6
1.23   Substantial Consummation ............................... 6
1.24   Unclaimed Property .................................... 6
1.25   Unclassified Claims .................................... 6
1.26   Unsecured Tax Claim .................................. 6

ARTICLE 2.  Classification of Claims and Interests ...................... 6

    Class 1: Allowed Unsecured Claims ................................ 7
          2.1    Class A-1 ...................................... 7
          2.2    Class A-2 ...................................... 7
          2.3    Class S-1 ...................................... 7
          2.4    Class S-2 ...................................... 7
          2.5    Class S-3 ...................................... 7
          2.6    Class S-4 ...................................... 7
          2.7    Class S-5 ...................................... 7
          2.8    Class S-6 ...................................... 7
          2.9    Class P-1 ...................................... 8
          2.10   Class P-2 ...................................... 8
          2.11   Class P-3 ...................................... 8
          2.12   Class P-4 ...................................... 8
          2.13   Class P-5 ...................................... 8
          2.14   Class P-6 ...................................... 8
          2.15   Class U-1 ...................................... 8
          2.16   Class U-2 ...................................... 8
          2.17   Class E-1 ...................................... 8

ARTICLE 3.  Provision for the Payment of Administrative Claims, Expenses and
             Certain Priority Claims
          3.1    Class A-1 ...................................... 8
          3.2    Class A-2 ...................................... 9

CHRISTIANSON & SPRAKER
911 WEST 8ᵀᴴ AVENUE, #201 • ANCHORAGE, ALASKA 99501
(907) 258-6016 • Fax (907) 258-2026

3.3    Class P-1 ........................................ 9
3.4    Class P-2 ........................................ 9
3.5    Class P-3 ........................................ 10
3.6    Class P-4 ........................................ 10
3.7    Class P-5 ........................................ 10
3.8    Class P-6 ........................................ 10

ARTICLE 4.  Treatment of Claims .................................... 11
4.1    Class S-1 ........................................ 11
4.2    Class S-2 ........................................ 11
4.3    Class S-3 ........................................ 11
4.4    Class S-4 ........................................ 11
4.5    Class S-5 ........................................ 12
4.6    Class S-6 ........................................ 12
4.7    Class U-1 ........................................ 12
4.8    Class U-2 ........................................ 12
4.9    Class E-1 ........................................ 12

ARTICLE 5.  Distribution of Excess Cash ............................... 12

ARTICLE 6.  Impairment of Claims ................................... 13

ARTICLE 7.  Means for Executing the Plan ............................. 13

ARTICLE 8.  Sources of Funds for Reorganization and for Distribution Under
the Plan ............................................ 14

ARTICLE 9.  Treatment of Executory Contracts ......................... 14

ARTICLE 10.  Retention of Jurisdiction ................................ 15

ARTICLE 11.  Miscellaneous ........................................ 16

CHRISTIANSON & SPRAKER
911 WEST 8TH AVENUE, #201 • ANCHORAGE, ALASKA 99501
(907) 258-6016 • Fax (907) 258-2026

# ARTICLE 1
## Definitions

For the purposes of this Plan, the following terms shall have the respective meanings hereafter set forth:

1.1    Allowed Claim:  Allowed Claim shall mean a Claim (a) in respect of which a proof of claim has been filed with the Court within the applicable period of limitation fixed by Rules 3001 or 3003 or (b) scheduled in the list of creditors prepared and filed with the Court pursuant to Rule 1007(b) and not listed as disputed, contingent, or unliquidated as to amount, in either case as to which no objection to the allowance thereof has been interposed within any applicable period of limitation fixed by Rule 3001 or an order of the Court, or as to which any such objection has been determined by an order or judgment which is no longer subject to appeal and as to which no appeal is pending.

1.2    Allowed Priority Claim:  Allowed Priority Claim shall mean an Allowed Unsecured Claim which is entitled to priority in distribution pursuant to 11 U.S.C. § 507(a)(3) or (4).

1.3    Allowed Secured Claim:  Allowed Secured Claim shall mean an Allowed Claim secured by a lien, security interest or other charge against or interest in property in which any Debtor has an interest, or which is subject to setoff under section 553 of the Code, to the extent of the value (as set forth in this Plan, or if no amount is set forth or if an objection to this plan is filed, then as determined in accordance with section 506(a) of the Code) of the interest of the holder of such Allowed Claim in the Debtors' interest in such property or to the extent of the amount subject to such setoff, as the case may be.

1.4    Allowed Unsecured Claim:  Allowed Unsecured Claim shall mean an Allowed Claim not secured by a lien, security interest or other charge against or interest in property in which any Debtor has an interest, or which is not subject to setoff under section 553 of the Code.

1.5    Bankruptcy Code or Code: Bankruptcy Code shall mean the Bankruptcy Reform Act of 1978, as amended, 11 U.S.C. §101 *et. seq.*

1.6    Bassett Hospital Claims: Basset Hospital Claims shall mean any and all interest, rights, or claims arising out of, or related to, the construction of the Bassett Army Hospital Replacement at Fort Wainwright, Alaska under a subcontract with Dick Pacific, including all claims against  Dick Pacific/GHEMM, J.V., Poong Lim/Pert J.V., or Poong Lim Industrial Co., Ltd., whether asserted directly or indirectly.

1.7    Claim:  Claim shall mean any right to payment or right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, against

CHRISTIANSON & SPRAKER
911 WEST 8TH AVENUE, #201 • ANCHORAGE, ALASKA 99501
(907) 258-6016 • Fax (907) 258-2026

the Debtor in existence on or as of the Petition Date, whether or not such right to payment or right to an equitable remedy is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, secured or unsecured.

      1.8    <u>Class</u>: Class shall mean any class into which Claims are classified pursuant to Article 2.

      1.9    <u>Confirmation Date</u>: Confirmation Date shall mean the date upon which the Order of Confirmation is entered by the Court.

      1.10    <u>Confirmation Hearing</u>: Confirmation Hearing shall mean the hearing before the Bankruptcy Court to confirm the Debtor's Plan pursuant to 11 U.S.C. §1128 and §1129.

      1.11    <u>Confirmation Order</u>: Confirmation Order shall mean the order entered by the Court confirming the Plan in accordance with the provisions of Chapter 11 of the Code, unless such Order is subject to appeal, or as to which an appeal is pending; and with respect to which a stay has been entered which precludes implementation of the Plan.

      1.12    <u>Court</u>: Court shall mean the United States Bankruptcy Court for the District of Alaska, in which the Debtor's Chapter 11 case, pursuant to which the Plan is proposed, is pending, or such other court having jurisdiction of this bankruptcy proceeding.

      1.13    <u>Debtor</u>: Debtor shall mean E. Brown Incorporated d/b/a International Steel, the debtor in this case.

      1.14    <u>Dick Pacific Settlement</u>: Dick Pacific Settlement shall mean that settlement between Debtor and Dick Pacific/GHEMM, J.V. for work on the Bassett Hospital Replacement Project at Fort Wainwright in Fairbanks, Alaska previously approved by the Bankruptcy Court at Docket No. 210.

      1.15    <u>Disputed Claim</u>: Disputed Claim shall mean a Claim against the Debtor (a) which has been included in the Debtors' Schedules of Assets and Liabilities as disputed, contingent, or unliquidated, or (b) which is stated in this Plan or the accompanying disclosure statement as being disputed, (c) as to which an objection has been filed and which objection is not the subject of a Final Order and has not been withdrawn, or (d) which is encompassed by Section 5.9 of this plan.

      1.16    <u>Distribution(s)</u>: Distributions shall mean the Cash and other property of the Debtor to be distributed under the Plan to holders of Allowed Claims.

      1.17    <u>Effective Date</u>: Effective Date shall mean a date, selected by the Debtor which shall be at least ten (10) but less than thirty (30) days after the Confirmation Date. Pursuant to Section 5.1 of the Plan, immediately following ten (10) days after the Confirmation Date, the Debtor shall file a pleading which shall identify the Effective Date.

CHRISTIANSON & SPRAKER
911 WEST 8TH AVENUE, #201 • ANCHORAGE, ALASKA 99501
(907) 258-6016 • Fax (907) 258-2026

1.18    Key Bank: Key Bank shall mean KeyBank National Association.

1.19    Key Equipment: Key Equipment shall mean Key Equipment Finance, a division of Key Equipment Corporate Capital, Inc.

1.20    Petition Date: Petition Date shall mean January 20, 2005, the date on which Debtor filed its Chapter 11 petition with the Court.

1.21    Plan: Plan shall mean this Chapter 11 Plan, as amended in accordance with the terms hereof or modified in accordance with the Code.

1.22    Pro Rata:  Pro Rata means proportionately so that the ratio of the consideration distributed on account of an Allowed Claim in a class to the consideration distributed on account of all Allowed Claims in the class is the same as the ratio of such Allowed Claim to all Allowed Claims in the class.

1.23    Substantial Consummation: Substantial Consummation has the meaning set forth in Section 5.6, below.

1.24    Unclaimed Property: Unclaimed Property means any Distributions (together with any interest earned thereon) which are unclaimed on the 90 day following such Distribution.  Unclaimed Property shall include (a) checks (and the funds represented thereby) which have been returned as undeliverable without a proper forwarding address, (b) funds for checks which have not been paid, and (c) checks (and the funds represented thereby) which were not mailed or delivered because of the absence of a proper address to which to mail or deliver such property.

1.25    Unclassified Claims: Unclassified Claims means claims of the type described in Section 5.1 of the Plan.

1.26    Unsecured Tax Claim.  Unsecured Tax Claim shall mean a Claim as defined in § 507 (a)(8) of the Code.

## ARTICLE 2.
## Classification of Claims and Interests

Claims and interests are classified as follows.  All classes consist only of Allowed Claims:

2.1    Class A-1 consists of the administrative expenses of the Debtor's Court approved professionals: Christianson & Spraker, Royce & Brain, and Swalling & Associates allowed under 11 U.S.C. § 503(b)(1)(A) and afforded priority under 11 U.S.C. § 507(a)(1).

CHRISTIANSON & SPRAKER
911 WEST 8TH AVENUE, #201 • ANCHORAGE, ALASKA 99501
(907) 258-6016 • Fax (907) 258-2026

2.2    Class A-2 consists of all other administrative claims other than those included in A-1 allowed under 11 U.S.C. § 503(b)(1)(A) and afforded priority under 11 U.S.C. § 507(a)(1).

2.3    Class S-1 is Key Bank holder of an Allowed Secured Claim in Debtor's pre-petition and post-petition assets evidenced by Key Bank, Loan No. 9501, in the amount of $1,000,000 secured by a broad form security agreement which was perfected by a UCC-1 filed May 30, 2002 (Document # 2002-518771-4) and Loan No. 9001, dated September 6, 2002, with Key Bank in the amount of $61,000, also secured by a broad form security agreement which was perfected by a UCC-1 filed October 21, 2002, (Document # 2002-526965-5). As of the petition date Debtor owed KeyBank a total of $1,050,104.89 on Loan No. 9501 and $25,666.27 on Loan No. 9001.   Interest and legal expenses shall continue to accrue on both these loans until they are paid in full.

2.4    Class S-2: is Key Equipment holder of an Allowed Secured Claim as a lessor under Key Equipment Finance Lease (No. 8800021503) and Equipment Schedule No. 1, dated December 24, 2001, for the lease of, and secured by, two cranes, two forklifts and associated equipment in the amount of $67,994.29; Key Equipment Finance Lease No. 8800021985 and pursuant to Equipment Schedule No. 2, dated July 29, 2002, for the lease of, and secured by, a Lieherr LTM 1160 Hydraulic AT Crane and boom dolly in the amount of $306,177.63, and Key Equipment Finance Lease No. 8800022017 and pursuant to Equipment Schedule No. 3, dated August 8, 2002, for the lease of, and secured by, Halla Loader HA 290 with attachments in the amount of $98,340.93. The actual payoff amounts under these three leases depends upon the when payment is made, and will be in an amount greater than the balances owed as of the Petition Date.

2.5    Class S-3 is the Internal Revenue Service secured by federal tax liens recorded on December 27, 2004 and Janaury 18, 2005.

2.6    Class S-4 is the claim of Locals 302 and 612 of the International Union of Operating Engineers Construction Industry Health and Security Fund pursuant to judgments entered against the debtor and recorded in the Anchorage Recording District.

2.7    Class S-5 is the Disputed Claim of Alaska DOT&PF holder of Proof of Claim No. 66 claimed in the amount of $1,940,000.

2.8    Class S-6 is the Municipality of Anchorage for personal property taxes for 2005.

2.9    Class P-1 consists of the claim of the State of Washington DCS and Disputed Claim of Leon Knowles, holders of employee wages claims allowable under 11 U.S.C. § 507(a)(3).

PAGE 7   DEBTOR'S AMENDED PLAN OF REORGANIZATION
        H:\2671\MAIN\PLAN OF REORGANIZATION - AMENDED.WPD

CHRISTIANSON & SPRAKER
911 WEST 8TH AVENUE, #201 • ANCHORAGE, ALASKA 99501
(907) 258-6016 • Fax (907) 258-2026

2.10    Class P-2 consists of the Allowed Claims for priority employee benefits allowable under 11 U.S.C. § 507(a)(4) of the Trustee of Northwest Ironworkers and Employer Trust, Employee Benefit Claims, the Operating Engineers Trust Funds, and the Alaska Ironworkers Funds.

2.11    Class P-3 are the Unsecured Tax Claims of the United States of America, Internal Revenue Service (IRS) for unpaid employment taxes due from the third and fourth quarters of 2004, and the first three weeks of January 2005, as well as the unemployment taxes for 2004 allowable under 11 U.S.C. § 507(a)(8).

2.12    Class P-4 is the Unsecured Tax Claims of the Pierce County Budget & Finance Department against the debtor in the amount of $274.24 for 2004 general property tax assessment.

2.13    Class P-5 consists of the Unsecured Tax Claims of the State of Washington Department of Labor & Industries, the Employment Security Division, and the Department of Revenue, as well as the State of Alaska Department of Labor and Workforce Development allowable under 11 U.S.C. § 507(a)(8).

2.14    Class P-6 consists of the Disputed Claims of the Puget Sound Electrical Workers as set forth in Proof of Claim No. 53.

2.15    Class U-1 consists of all Allowed Unsecured Claims not included in Class U-2.

2.16    Class U-2 are Ed and Heidi Brown, holder of Proof of Claim No. 67.

2.17    Class E-1 are the Allowed Interests of the Debtor's members.

### ARTICLE 3.
### Provision for the Payment of Administrative Claims, Expenses and Certain Priority Claims.

The administrative expenses of Debtor's Chapter 11 bankruptcy allowed under 11 U.S.C. § 503(b) and given priority pursuant to 11 U.S.C. § 507(a)(1) shall be paid as follows:

3.1    Class A-1. Class A-1 creditors shall be paid to the extent not previously paid, and subject to the necessary court approval of such fees and expenses, first by application of any retainers held by the respective class creditors, second by pro-rata distribution of $100,000 net of retainers carved out of the Dick Pacific Settlement agreement. The balance of the payments will be paid in monthly payments beginning in June 2006, of $10,000 in June, $20,000 in July, and $30,000 thereafter, applied pro-rata basis until paid in full with interest accruing interest on the approved fees at the annual rate

CHRISTIANSON & SPRAKER
911 WEST 8TH AVENUE, #201 • ANCHORAGE, ALASKA 99501
(907) 258-6016 • Fax (907) 258-2026

of 4.34%. Debtor's obligation will be secured by a security interest in the Bassett Hospital Claims ahead of the secured obligation owed to Ed Brown. If a payment becomes due prior to the Court's approval of the final fee applications, the Debtor shall place the payment into Christianson & Spraker's trust account pending court approval.

All fees and costs incurred by professionals after the Effective Date on behalf of the Debtor shall be paid by the Debtor without further notice to parties in interest or an order of the Bankruptcy Court.

     3.2    Class A-2. These administrative expenses shall be paid in full on the later of the Effective Date, or the date payment is due under any statute or agreement between the Debtors and the creditor. Debtor shall pay any quarterly fees incurred pursuant to 28 U.S.C. § 1930(a)(6) for the third and fourth quarters of 2005 on or before the confirmation date.

The reorganized debtor shall be responsible for timely payment of quarterly fees incurred pursuant to 28 U.S.C. § 1930(a)(6) until either a final decree is entered, the case is dismissed or the case is converted. After confirmation the reorganized debtor shall file post-confirmation reports pursuant to Local Rule of Bankruptcy Procedure 3022-1, including all disbursements made under the confirmed plan during the reporting period.

The pre-petition claims of Debtor given priority pursuant to 11 U.S.C. § 507(a)(3), (4), and (8) shall be paid as follows:

     3.3    Class P-1. This class shall be paid in full, without interest on the Effective Date. Disputed claims shall be escrowed, and the full amount paid upon resolution.

     3.4    Class P-2 Allowed Class P-2 employee benefit claims shall be paid over five years in quarterly payments beginning in June, 2006, with interest at 4.43% per annum. Class P-2 creditors shall receive pro-rata distributions on a monthly basis in months of June - November of each year following the Effective Date until paid in full. Debtor estimates the monthly payments to be $3,059 assuming that payments allowed under the *Order Granting Motion for Order Authorizing Joint Check Payments*, which this Court approved at Docket No. 210 (January 3, 2006) are made. Debtor shall also distribute any amounts received on account of the Debtor's Bassett Hospital claims in excess of the costs incurred in recovering those proceeds and payment of the secured claims in Classes S-1, and S-3.

     3.5    Class P-3 This class shall consist of the Allowed Claims to the Internal Revenue Service under 11 U.S.C. § 507(a)(8) in the amount of $245,034.75, together with any secured amounts unpaid under Class S-3. The accumulated penalties shall be accorded the status afforded under 11 U.S.C. § 726(a)(4), and there shall be no payments on account of the penalties. Pending recovery of the Bassett Hospital Claims and distribution thereunder, the Debtor shall pay the IRS, in part, from a loan to the Debtor from Debtor's

CHRISTIANSON & SPRAKER
911 WEST 8ᵀᴴ AVENUE, #201 • ANCHORAGE, ALASKA 99501
(907) 258-6016 • Fax (907) 258-2026

principal, Ed Brown, for the specific and designated purpose of paying those amounts for which he is personally liable. Mr. Brown shall advance $887,517.33 over 9 years plus interest at the statutory rate of 7% per annum at $10,000 per month, all interest and principal due on nine (9) years after the Effective Date. The proceeds loaned by Ed Brown will be specifically designated to pay that amount of the taxes on which Brown is personally liable, and shall discharge Brown's personal liability for the Debtor's pre-petition taxes. The loan from Ed Brown be secured against the Debtor's Basset Hospital claims, but otherwise shall be at no interest and subordinated to payment of the unsecured creditors under terms of this Plan, for the amounts of payments made on account of the IRS debt. Debtor shall separately pay the balance of the P-3 amounts over six years in monthly payments of $8,422, beginning in June, 2006, with interest at the statutory rate of 7% per annum.

3.6     Class P-4 Class P-4 shall be paid $274.24 in satisfaction of its claim. Accumulated penalties shall be disallowed.

3.7     Class P-5 All class P-5 tax claims shall be paid over six years in quarterly payments beginning in June, 2006, with interest at 4.43% per annum, together with any secured amounts unpaid under Class S-5 and S-6. The accumulated penalties shall be accorded the status afforded under 11 U.S.C. § 726(a)(4) and there shall be no payments on account of the penalties. Class P-5 creditors shall receive equal pro-rata distributions to be made in the months of June - November of each year following the Effective Date until paid in full. Debtor estimates the monthly payments to be $7,953. Payments made to Class P-5 creditors shall be applied first to priority claims, and then on a pro-rata basis to any outstanding amounts unpaid to Class S-5 and S-6 creditors. Debtor shall also distribute any amounts received on account of the Debtor's Bassett Hospital claims in excess of the costs incurred in recovering those proceeds and payment of the secured claims in Classes S-1, and S-3 and all priority claims.

3.8     Class P-6 Class P-6 claims shall be paid pursuant to a loan from John DePriest to the Debtor for the specific purpose of paying the outstanding pre-petition employee contributions owed. Pursuant to a settlement agreement, the Puget Sound Electrical Workers Trust Fund shall agree that no post-petition contribution are due, and that all penalties shall be disallowed.

### ARTICLE 4.
### TREATMENT OF CLAIMS

The Claims of creditors and interest holders shall be treated as follows:

4.1     Class S-1 Key Bank is impaired. Its Allowed Secured Claim will continue to be secured by its first position pre-petition and post-petition security interests. Debtor shall pay Key Bank $200,000 from the first payment under the Dick Pacific settlement, and another $200,000 from the second settlement payment subject to Bankruptcy Court

CHRISTIANSON & SPRAKER
911 WEST 8TH AVENUE, #201 • ANCHORAGE, ALASKA 99501
(907) 258-6016 • Fax (907) 258-2026

approval. These payments shall reduce the total balance owed to $650,104.89 plus accrued and unpaid interest, and legal expenses until the loans are paid in full. Debtor shall pay the remainder of the Key Bank debt from the proceeds of the Bassett Hospital claims including the Poong Lim litigation. Debtor's principals, Ed and Heidi Brown, have personally guaranteed this obligation. The Browns shall enter into a settlement agreement and deed of trust with Key Bank to secure the Key Bank debt against real property on 7th Avenue, Anchorage Alaska to be held in a single-member limited liability company, Skyline, L.L.C., owned by Ed Brown. In the event that the Debtor is unable to pay the Key Bank obligation in full by April 30, 2006, the real property shall be sold by September 30, 2006, and the full amount of the indebtedness owed under this class shall be due and payable by September 30, 2006. Upon the sale of the real property Ed Brown shall loan the Debtor at no interest sufficient funds from the sale of the real property for the designated purpose of paying the outstanding balance of the Key Bank debt less the Dick Pacific settlement. The loan from Ed Brown to Debtor for payment of the Key Bank claim shall be secured against the Debtor's Basset Hospital claims, but otherwise shall be for no interest and subordinated to payment of the unsecured creditors under the plan. Mr. Brown's security interest in the Basset Hospital claims for any payments made to Key Bank shall be subordinate to the lien interest of the Internal Revenue Service. In the event that the real property sale proceeds are less than what is necessary to pay Class S-1 in full, Key Bank may elect in its sole discretion to consent to the sale, but in that event any balance then remaining unpaid shall be due and payable by September 30, 2006, unless otherwise agreed to by the Debtor and the Class S-1 creditors.

4.2     Class S-2: Debtor treats each of the leases within this class as a secured debt to purchase equipment rather than a lease for purposes of this claim and treatment of executory contracts under the plan. Debtor shall purchase all or part of the equipment subject to the respective leases by paying the outstanding balance owed or surrender the equipment to Key Equipment Finance on or before the Effective Date unless otherwise agreed to by Key Equipment. The surrender of the equipment shall satisfy the estate's obligation.

4.3     Class S-3 - This class shall consist of the Allowed Secured Claim of the Internal Revenue Service in the amount of $995,469.93, secured against the proceeds of the Bassett Hospital Claims, net of the costs of recovery in the order of priority as it existed pre-petition. The accumulated penalties shall be accorded the status afforded under 11 U.S.C. § 726(a)(4) and there shall be no payments on account of the penalties. The IRS shall also receive a priority tax claim classified as Class P-3 in the amount of $245,034.75 together with any amounts unpaid from the secured claim. Plan payments to the IRS (as opposed to payments applied from the proceeds of the Bassett Hospital Claim) shall be applied first to the priority P-3 claim, and then to any amounts of the outstanding secured claim. The IRS' lien shall be limited to the Bassett Hospital Claims, and upon payment of the secured debt, the IRS' lien shall be discharged.

CHRISTIANSON & SPRAKER
911 WEST 8TH AVENUE, #201 • ANCHORAGE, ALASKA 99501
(907) 258-6016 • Fax (907) 258-2026

4.4     Class S-4   The secured claim of the Operating Engineers shall be allowed to the extent that the creditor is determined to have a non-avoidable secured interest in funds seized pre-petition pursuant to a writ of execution, and distributed according to state law.  The plan of reorganization shall not alter or affect the Debtor's ability to assert its avoidance rights under the Bankrutpcy Code with regard to the creditor's secured interests in any funds seized pre-petition.

4.5     Class S-5   This claim shall be treated as a disputed general, unsecured claim with Class U-1.

4.6     Class S-6   The secured personal property taxes for 2005 will be paid over a period of 6 years, payments to be made in the months of June - November of each year following the Effective Date until paid in full.  The lien rights will remain as a first position lien.  Post-petition tax claims will be paid in the ordinary course as they come due.

4.7     Class U-1 (General Allowed Unsecured Claims) Debtor shall pay $130,000 to Allowed Unsecured Claims over a period of five (5) years payable at $13,000 biannually on June and September of each year following the Effective Date.  Debtor shall also distribute any amounts received on account of the Debtor's Bassett Hospital Claims in excess of the costs incurred in recovering those proceeds and payment of the secured claims in Classes S-1, and S-3 and all priority claims.

4.8     Class U-2   (Ed and Heidi Brown) Class U-2 shall be subordinated to the payment of the general unsecured creditors.

4.9     Class E-1.  This class will be unimpaired.

### ARTICLE 5
### Distribution of Excess Cash

To the extent Debtor generates as of December 31st of any year distributable cash in excess of amounts needed to meet payments required under the Plan may, but shall not be required to, distribute to creditors in order of priority:

1.     To cure any arrearages in payments required to be made in prior years under the Plan.

2.     As advance principal payments to Classes S-1, S-3,

3.     As advance principal payments to Classes A-1 , A-2,

4.     As advance principal payments to Classes P-2 and P-3, pro rata

5.     As advance payments to U-1.

CHRISTIANSON & SPRAKER
911 WEST 8TH AVENUE, #201 • ANCHORAGE, ALASKA 99501
(907) 258-6016 • Fax (907) 258-2026

### ARTICLE 6
### Impairment of Claims

The claims in S-4, S-5, S-6, P-1, P-2, P-3, P-4, P-5, P-6, and E-1 are unimpaired. All other claims and classes of claims are impaired.

### ARTICLE 7
### Means for Executing Plan

5.1    Immediately after ten days following the Confirmation Date (date of entry of the Confirmation Order), Debtor shall file a *Notice of Effective Date* which shall identify the Effective Date of the Plan. The Effective Date shall be at least ten (10), but less than thirty (30), days after the Confirmation Date.

5.2    On the Effective Date, the Debtor shall deliver and surrender to Key Equipment the collateral securing the debts comprising Class S-2 unless previously sold under an appropriate order of the Bankruptcy Court, or otherwise agreed to by Debtor and Key Equipment.

5.3    On, or as soon as practical, Ed Brown shall enter into a settlement agreement and deed of trust with Key Bank to secure the debt subject to S-1 on the terms and conditions set forth in Article 4.1.

5.4    At or after the Effective Date, if other documents are necessary or appropriate to carry out the terms of this Plan, Debtor shall execute and deliver such documents to the appropriate party.

5.6    Upon payment of the amounts due on the Effective Date, the Debtor shall file with the court a *Notice of Substantial Consummation* stating that the payments contemplated on the Effective Date have been accomplished. Filing this notice shall constitute substantial consummation within the meaning of 11 U.S.C. § 1127(b), which provides by negative implication that the proponent of a plan may not modify a confirmed plan after substantial consummation.

5.8    Concurrently with filing the *Notice of Substantial Consummation*, Debtor shall move to close the main case. Such closure shall be without prejudice to any pending adversary actions, or the filing, by any interested party, of any new adversary actions.

5.9    The Debtor at any time while the case is open, or if it is reopened, may at any time object to a claim by giving written notice to that creditor that the claim is disputed, or by filing with the court a notice of objection to claim. Such claims will thereafter be regarded as disputed claims, and dividends on that claim shall be escrowed pending resolution.

CHRISTIANSON & SPRAKER
911 WEST 8TH AVENUE, #201 • ANCHORAGE, ALASKA 99501
(907) 258-6016 • Fax (907) 258-2026

5.10    The Debtor shall have standing to assert any avoidance actions under Sections 544, 545, 547, 548, 549 and 550, and to object to claims under Section 502(d), to the same extent that a Chapter 7 trustee would have if this plan was not confirmed and the case converted to a Chapter 7.

5.11    Within thirty (30) days of the Effective Date, or such later date that the Debtor may consent to, holders of Administrative Claims shall file fee applications.

5.12    Upon the ruling on applications for payment of administrative expenses, and any objections to proofs of claim, Debtor shall move to close the main case.  Entry of a Final Decree closing the case shall terminate Debtor's obligation to pay quarterly fees to the U.S. Trustee.  Such closure shall be without prejudice to any creditor or other interested party moving to reopen the case for cause.

**ARTICLE 8**
**Sources of Funds for Reorganization and for**
**Distribution Under the Plan**

Administrative expenses shall be paid from the Debtor's pre-petition retainers and the $100,000 carve-out from the Dick Pacific Settlement.

The sources of funds for payments to Key Bank shall be first $400,000 from the Dick Pacific Settlement, second the subsequent proceeds of the Bassett Hospital Claims, or third the proceeds of real property controlled by Ed Brown to secure the debt under the terms and conditions set forth in Article 4.1.  The IRS shall receive payments first the proceeds of the Bassett Hospital Claims or second the $10,000 per month from Ed Brown for 9 years from the Effective Date, in addition to the earnings of the Debtor's business.  The source for payments to the unsecured creditors will be the earnings of the Debtor's business.

**ARTICLE 9**
**Treatment of Executory Contracts**

Debtor is party to several collective bargaining agreements, including the Master Labor Agreement, Northwest Ironworkers Employers Association, Inc. and the Ironworkers District Council of the Pacific Northwest.  Debtor shall assume the obligations under those collective bargaining agreements pursuant to 11 U.S.C. § 365 and § 1113. All other executory contracts and unexpired leases to which the Debtor is a party, except for those executory contracts and unexpired leases that (1) are subject to an order for assumption or assumption and assignment, or (2) are subject to pending actions for declaratory or other relief in the Bankruptcy Court, shall be rejected as of the Confirmation Date.  Claims based on the rejection of executory contracts and unexpired leases that are rejected prior to or upon Confirmation must be filed with the Bankruptcy Court and served on counsel for the Debtor within 30 days after the Confirmation Date.

PAGE 14 DEBTOR'S AMENDED PLAN OF REORGANIZATION
    H:\2671\MAIN\PLAN OF REORGANIZATION - AMENDED.WPD

**CHRISTIANSON & SPRAKER**
911 WEST 8ᵀᴴ AVENUE, #201 • ANCHORAGE, ALASKA 99501
(907) 258-6016 • Fax (907) 258-2026

## ARTICLE 10
### Retention of Jurisdiction

The Court will retain jurisdiction until the Plan has been fully consummated, including, but not limited to, the following purposes:

10.1    The classification of the claim of any creditor and the reexamination of claims which have been allowed for purposes of voting, and the determination of such objections as may be filed to the creditors' claims. Failure by the Debtor to object to, or to examine any, claim prior to voting, shall not be deemed to be a waiver of the Debtors' right to object to, or reexamine the claim in whole or in part;

10.2    The determination of all questions and disputes regarding title to assets of the Debtor's Estate, and determination of all causes of action, controversies, disputes, or conflicts, whether or not subject to action pending as of the date of the confirmation, between the Debtor, and any other party, including but not limited to, any right of the Debtor or the Liquidating Trustee to recover assets or avoid transfers pursuant to the provisions of Title 11 of the United States Code;

10.3    The correction of any defect, the curing of any omission, or the reconciliation of any inconsistency in this Plan or the order of confirmation as may be necessary to carry out the purposes of this Plan;

10.4    The modification of this Plan after confirmation pursuant to the Bankruptcy Rules and Title ll of the United States Code;

10.5    To enforce and interpret the terms and conditions of this Plan;

10.6    Entry of any order, including injunctions, necessary to enforce the title, rights, and powers of the Debtor and to pose such limitations, restrictions, terms, and conditions of such title, rights, and powers as this Court may deem necessary; and

10.7    Determination of the Debtor's tax liabilities pursuant to § 505 of the Code; and

10.8    Entry of an order closing this case.

## ARTICLE 11
### Miscellaneous

CHRISTIANSON & SPRAKER
911 WEST 8TH AVENUE, #201 • ANCHORAGE, ALASKA 99501
(907) 258-6016 • Fax (907) 258-2026

11.1    Headings. The headings in the Plan are for convenience or reference only and shall not limit or otherwise affect the meanings hereof.

11.2    Notices. All notices required or permitted to be made in accordance with the Plan shall be in writing and shall be delivered personally or by telecopy or other electronic means or mailed by registered or certified mail, return receipt requested:

11.1.1    If to Debtor at 3002 Spenard Road, Anchorage AK 99503.

11.1.2    With a copy to: Gary Spraker, Esq., Christianson & Spraker, 911 West 8th Avenue, Suite 201, Anchorage, Alaska 99501.

11.1.3    If to a holder of an Allowed Claim at the address set forth in its allowed proof of claim or, if none, at its address set forth in the schedule prepared and filed with the Court pursuant to Rule 1007(b).

11.1.4    Notice shall be deemed given when received. Any person may change the address at which it is to receive notices under the Plan by sending written notice pursuant to the provisions of this Article 11 to the person to be charged with the knowledge of such change.

11.3    Section and Article References. Unless otherwise specified, all references in the Plan to Sections and Articles are to Sections and Articles of the Plan.

11.4    Reservation of Rights. Neither the filing of this Plan, nor any statement or provision contained herein, nor the taking by any creditor of any action with respect

**CHRISTIANSON & SPRAKER**
911 WEST 8ᵀᴴ AVENUE, #201 • ANCHORAGE, ALASKA 99501
(907) 258-6016 • Fax (907) 258-2026

to this Plan shall (a) be or be deemed to be an admission against interest and (b) until the Effective Date, be or be deemed to be a waiver of any rights which any creditor might have against Debtor or any of their properties or any other creditor of Debtor, and until the Effective Date all such rights are specifically reserved. In the event that the Effective Date does not occur, neither this Plan nor any statement contained herein, may be used or relied upon in any manner in any action, proceedings or controversy within or outside of the reorganization case involving Debtor.

DATED this ___ day of March, 2006.

E. BROWN, INC.
**d/b/a International Steel**

By: _____
Edward M. Brown
President

Presented by:
**CHRISTIANSON & SPRAKER**
Attorneys for Debtor

/s/ Gary Spraker
Gary Spraker

**CHRISTIANSON & SPRAKER**
911 WEST 8ᵀᴴ AVENUE, #201 • ANCHORAGE, ALASKA 99501
(907) 258-6016 • Fax (907) 258-2026

PAGE 17 DEBTOR'S AMENDED PLAN OF REORGANIZATION
H:\2671\MAIN\PLAN OF REORGANIZATION - AMENDED.WPD